IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DUKHAN MUMIN, | ) | |
| Petitioner, | ) | 4:17CV3169 |
| v. | ) | |
| BRAD HANSEN, | ) | MEMORANDUM AND ORDER |
| Respondent. | ) | |

I have conducted an initial review of the Amended Petition for Writ of Habeas Corpus to determine whether the claim made by Petitioner is, when liberally construed, potentially cognizable in federal court. I apply Rule 4 of the Rules Governing § 2254 Cases. I now dismiss this matter with prejudice.

Liberally construed, summarized and condensed, Mumin now attacks the enhancement he received for being a habitual offender alleging that his sentence was void as a result of a denial of equal protection of the law and a denial of due process of law. I resolved a similar claim (claim 7) against Mumin in 4:16CV3033 at CM/ECF p. 21. The decision was affirmed by the Court of Appeals, and his petition for writ of certiorari was denied by the Supreme Court.

"A claim *presented* in a second or successive habeas corpus application under section 2254 that was *presented* in a prior application shall be dismissed." 28 U.S.C. § 2244 (b)(1). (Emphasis added.) See *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) (Under provision of Antiterrorism and Effective Death Penalty Act (AEDPA) governing second or successive habeas petitions, if the claim presented in the second or successive petition was also presented in the prior petition, the claim must be dismissed).

Even if Mumin could somehow avoid the bar of § 2244 (b)(1), he would be required to seek the permission of the Court of Appeals to commence this second action. 28 U.S.C. § 2444 (b)(2) & (3)(A). He has not done so, and this matter must be dismissed on that basis as well. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain an order authorizing him to file second petition).

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that the amended petition (filing no. 11) is dismissed with prejudice. No certificate of appealability has been or will be issued. A separate judgment will be issued. The motion to appoint counsel and for a hearing thereon (filing no. 5) is denied.

DATED this 28th day of February, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge